ELLIS, Judge.
Plaintiffs Leslie Lea Harvel, Edith Har-vel Hartner, and Ethel Harvel Dunn brought this suit as owners of a tract of land in St. Helena Parish for damages resulting from the alleged failure of the defendants to remove therefrom certain equipment belonging to them which was located on the said property. Plaintiffs are all domiciled in St. Helena Parish. The defendants herein are Lex Jenkins, A. T. “Apple” Sanders, Big “A” Sand and Gravel, Inc., and Bay Sand and Gravel Co., Inc., all of whom are domiciled in the parish of East Baton Rouge.
The defendants filed an exception of improper venue, alleging that this suit is actually one for damages for breach of contract, and that the proper venue thereof would be at the domicile of the defendants and not the domicile of plaintiffs. After hearing argument, the district judge ruled that the suit was actually one in tort and that the venue in the case was proper. He overruled the exception, and the defendants applied to this court for writs. We granted the said writ in order that we might review the determination of the trial court.
From the exhibits in the record, we find that the defendant, Big “A” Sand and Gravel, Inc., was the assignee in a lease entered into between the plaintiffs and Fred A. Blanche. It further appears that the lease was cancelled by plaintiffs for breach thereof as of June 2, 1971. This suit is for damages arising out of the failure to remove the defendants’ equipment from the property between the date of the cancellation of the lease, June 2, 1971, and the date on which it was removed by the Sheriff of St. Helena Parish, October 31, 1971. Under the terms of the lease, if it is breached by the lessee, the lessor, after complying with certain notice provisions which are not at issue here, can declare the lease terminated and take possession of the lease premises.
Article 42 of the Code of Civil Procedure provides as follows:
“The general rules of venue are that an action against:
“(1) An individual who is domiciled in the state shall be brought in the parish of his domicile; or if he resides but is not domiciled in the state, in the parish of his residence;.”
Article 74 of the Code of Civil Procedure provides as follows:
“An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained.”
If, therefore, the plaintiffs’ cause of action is in tort, the venue is correct. If in contract, the venue is improper and the exception would have to be maintained.
After reviewing the record, we find the conclusion of the trial judge to be correct. The lease was cancelled for causes not related to the presence of the equipment on the leased property. The presence of the equipment, in itself, is not a breach of the lease, since its location on the property is specifically permitted thereby. However, once the lease is cancelled, all rights thereunder cease, and the owners of the equipment are obligated to remove it from the property forthwith. Their failure to do so constitutes a trespass, which is a tort. The venue is therefore proper, and our writ was improvidently issued.
The writ heretofore issued herein is therefore recalled, and the case remanded to the trial court for further proceedings. Costs of this proceeding are to be paid by defendants.
Writ recalled.